**Harry A. LAUFMAN, Plaintiff–Appellant,**

v.

**Nancy ELLISTON, Defendant–Appellee,**

**STATE of Arizona, Intervenor–Appellee.**

No. 03–15667.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Oct. 26, 2004.

Before: TROTT and MCKEOWN, Circuit Judges, and SHADUR,* District Judge.

MEMORANDUM **

Harry Laufman ("Laufman") appeals the district court's denial of his effort to collect from intervenor-defendant State of Arizona on his default judgment against Nancy Elliston ("Elliston"), who had been appointed by an Arizona state court as the fiduciary for the estate of Laufman's deceased wife. That default judgment had

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

been entered in Laufman's 42 U.S.C. § 1983 ("Section 1983") action against Elliston, based on the premise that she was a "state actor" for Section 1983 purposes. We have jurisdiction under 28 U.S.C. § 1291.

Laufman stakes his claim on the Arizona indemnification statute that applies to state agent liability (Ariz.Rev.Stat. § 41–621), pointing to this court's decision in *Demery v. Kupperman,* 735 F.2d 1139 (9th Cir.1984) as assertedly supporting that claim. But *Demery* does nothing of the sort. Instead, while the court's opinion there rejected the defendant's assertion that the existence of such an indemnification statute bars a Section 1983 action against an individual state actor, it stated expressly (*id.* at 1148, citations omitted):

> If plaintiff prevails on the merits, the court will not be ordering the state to do anything; it will only be ordering the *official* to pay damages. If the state official desires indemnification under the state statute, he must bring suit in a state court. And if plaintiff prevails in his suit against the officials, any suit by him seeking to enforce his award against the state in federal court would be barred by the Eleventh Amendment.

To the identical effect and on all fours with this case, see *Glosen v. Barnes,* 724 F.2d 1418, 1420–21 (9th Cir.1984).

Both the *Demery* and *Glosen* decisions as to the effect of the Eleventh Amendment conform faithfully to the Supreme Court's teaching in *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) and *Quern v. Jordan,* 440 U.S. 332, 341–42, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and we too reject Laufman's contention to the contrary. If he has any viable claim against the State of Arizona under the indemnification statute (a matter on which we express no opinion), he must pursue that claim in the state court system.

AFFIRMED.